UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00318-MOC-DSC

| | | |
|---|---|---|
| **JAMES FREDERICK WILLIAMS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **BRUCE THOMPSON D/B/A BANK OF AMERICA CORPORATION,** | ) ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit.

### FINDINGS and CONCLUSIONS

**I.    Application to Proceed In Froma Pauperis**

The court has carefully considered plaintiff's affidavit which shows $2400 in annual income, derived from public assistance, and such sum appears to be consumed by very modest living expenses.  Review of the 2012 Health and Human Services Poverty Guidelines provides that for a household of one person, that such income falls well below the federal poverty measure as determined by the government.  See  http://www.aspe.hhs.gov/poverty/12poverty.shtml. Plaintiff does not have the funds with which to pay the required fee, and his request to proceed in forma pauperis will be allowed.

**II.    Section 1915 Review**

**A.    Introduction**

Pursuant to 28 U.S.C. § 1915(e)(2), a district court must dismiss a case at any time if it

determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. Id. A *pro se* plaintiff's allegations in a complaint are to be liberally construed, and a court should not dismiss an action for failure to state a claim "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir.2003). *Pro se* filings "however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n. 6 (4th Cir.1994).

### B. Plaintiff's Contentions

The court has closely considered the substantive allegations of the Complaint and determines that plaintiff has made the following allegations. Plaintiff's Complaint consists of two pages of contentions and three pages of exhibits. Plaintiff asserts that this case is brought as an admiralty or maritime claim and that his action concerns the execution of a bond.

Specifically, plaintiff alleges that on April 3, 2013, he executed and delivered a bond promising to pay the defendant immediately, the total sum of $55,900.60. (Compl. ¶ 1.) Plaintiff further alleges that the defendant has dishonored, not paid or accepted the bond and as a result, defendant owes the plaintiff $55,900.60. (Compl. ¶¶ 1-2.)

### C. Discussion

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss an *in forma pauperis* complaint if "the action . . . (i) is frivolous or malicious" or if the action "(ii) fails to state a claim upon which relief may be granted." A complaint is frivolous "where it lacks an arguable basis in

either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. Section 1915(e) gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," for instance where the claim describes "fantastic or delusional scenarios." Id. at 327–28.

In conducting the frivolousness analysis, the Court of Appeals for the Fourth Circuit instructs that courts should "conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 257 (4th Cir.2004). The Nagy court held further that

> [t]he overriding goal in policing in forma pauperis complaints is to ensure that the deferred payment mechanism of § 1915(b) does not subsidize suits that prepaid administrative costs would otherwise have deterred. In implementing that goal, district courts are at liberty to consider any factors that experience teaches bear on the question of frivolity.

Id. In contending that this court has jurisdiction over his claim and that this is an appropriate venue to hear such claim, plaintiff states that this court has admiralty or maritime jurisdiction over his claim. Nothing in the Complaint, however, even suggests that an action on the alleged bond is governed by admiralty or maritime law. Further, no other federal question jurisdiction is apparent from the face of the Complaint. See 28 U.S.C. § 1331.

Reading the pleading in a light most favorable to plaintiff, he may be attempting to assert diversity jurisdiction. See 28 U.S.C. § 1332. Plaintiff alleges that he is resident of the State of Tennessee and arguably asserts that that defendant is a resident of the State of North Carolina. While such would satisfy the complete diversity of citizenship requirement, plaintiff's complaint does not meet the amount in controversy prong as he does not allege that the amount in

controversy exceeds $75,000, exclusive of interests and costs. In his Complaint, plaintiff seeks $55,900.60 in damages.

As discussed above, a complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. <u>Neitzke</u>, 490 U.S. at 325. After a careful review, the court concludes that the asserted claim is frivolous based on a totality of the circumstances surrounding this matter as subject matter jurisdiction in this court does not exist.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Proceed *In Forma Pauperis* (#2) is **GRANTED**, the issuance of process and service thereof is **CANCELLED,** and this action is **DISMISSED** as frivolous under § 1915(e)(2)(B)(i).

**IT IS FURTHER ORDERED** that all other motions in this matter are dismissed as moot.

Signed: July 9, 2013

Max O. Cogburn Jr.
United States District Judge